

# RitholzLevyFields

**NEW YORK • LOS ANGELES • NASHVILLE**

August 1, 2024

**DELIVERED VIA ECF**

Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Chris Vlahos
cvlahos@rlfllp.com

*[Handwritten note: There will be a conference in courtroom 11D on September 4 at 11:30 am SO ORDERED /s/ P. Kevin Castel, USDJ 8/28/24]*

           Re: ***Yellowcake, Inc. v. Verge Records International, Inc. d/b/a ONErpm, et al.*** **1:23-cv-10376 (PKC): Letter Requesting Pre-Motion Discovery Conference**

Your Honor:

        Pursuant to Local Rule 37.2, Defendant Verge Records International, Inc. d/b/a ONErpm ("ONErpm") respectfully requests an informal conference with the Court regarding Yellowcake, Inc.'s ("Yellowcake") refusal to produce any documents in response to Plaintiffs' Requests for Production. No conference is currently set before the Court. Before filing this letter, the Parties met and conferred regarding these issues but were unable to resolve the dispute without Court involvement.

**I.  Background**

        Yellowcake filed this action on November 28, 2023 in a continuance of its litigation campaign over the last few years to commence sprawling copyright infringement actions against a host of artists, labels and distributors.[1] In each of the copyright infringement matters identified

---

[1] A cursory search for Yellowcake litigation information online includes the following:

    a.  *Yellowcake, Inc. v. Dashgo, Inc.*, 2022 U.S. Dist. LEXIS 10178, *7, 2022 WL 172934:

> On multiple occasions, **Yellowcake through its agent Colonize Music** has notified either Dashgo or its agent/business affiliate Adrev, of the unauthorized exploitation of the Domestic Works and Foreign Works and demanded that Defendants cease their infringing conduct.

0239451

1

in footnote 1, Yellowcake's agent, Colonize Media, was a party to the litigation. In this matter, however, **because the Discos Defendants licensed many of the Subject Works at issue in this litigation to Colonize Media prior to Yellowcake's assertion of ownership regarding these same Works**, Yellowcake did not include Colonize Media in this matter.

In an effort to avoid its discovery obligations, Yellowcake takes its efforts to separate from its agent, Colonize Media, a step further by denying ONErpm the right to conduct discovery on the issues of (a) Colonize's licensing relationship with the Discos Defendants; and (b) Yellowcake's knowledge of the same and corresponding ownership assertions by the Discos Defendants. Both of these Colonize issues are highly relevant to ONErpm's efforts to rebut whatever presumption of copyright ownership remains after resolution of the pending Motion to Dismiss certain infringement claims filed by the Discos Defendants.

Even more surprising, despite representations that it would do so in its May 2, 2024 Responses, Yellowcake refuses to produce a single document supporting its chain of title for any of the Subject Works. Yellowcake's refusal even includes not producing a single agreement evidencing a transfer of copyright ownership by a creator, artist or other valid holder of copyright to Yellowcake for any of the hundreds of Works at issue. As an experienced litigant, Yellowcake knows full well the discovery obligations of a copyright plaintiff. ONErpm respectfully requests this Court order Yellowcake to produce non-privileged, responsive documents for the disputed discovery requests identified herein.

## II.  The Requests in Dispute and Yellowcake's Response

In its discovery requests, ONErpm seeks threshold ownership documents demonstrating that Yellowcake owns the Subject Works for which it has sued ONErpm and its client, the Discos Defendants, for copyright infringement. In particular, ONErpm served six interrogatories and 12 requests for production of documents that seek, in relevant part, routine, chain-of-title and relevant agreements supporting the chain-of-title for the works that Yellowcake alleges Defendants have infringed in this litigation (collectively, the "Subject Works").[2] Yellowcake has refused to produce

---

b. *Yellowcake, Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 756, 2021 U.S. Dist. LEXIS 39127, *2, 2021 U.S.P.Q.2D (BNA) 242 (Copyright dispute between Counter-Plaintiff Morena Music, Inc. and Yellowcake, Inc., Colonize Media, Inc. and Jose Hernandez)

c. *Yellowcake, Inc. v. Hyphy Music, Inc.*, 2021 U.S. Dist. LEXIS 135269, *1 (Count-Plaintiff v. Yellowcake, Inc. and Colonize Media)

d. *Platino Records, Inc. v. Colonize Media, Inc.*, 2021 U.S. Dist. LEXIS 29672, *1 / *Yellowcake, Inc. v. Platino Records, Inc.*, 2021 U.S. Dist. LEXIS 29732, *1.

[2] ONErpm provides the following full text of the discovery requests and responses that are at issue in this Letter Motion as follows:

**INTERROGATORY NO. 3.** Identify all agreements between Yellowcake and any third party upon which Yellowcake relies, in whole or in part, for its claimed exclusive rights in the Subject Works. For each agreement identified, provide: (a) the year in which Yellowcake entered into the agreement; (b) the other party or parties to the agreement; and (c) the term of the agreement.

> **RESPONSE:**
> Pursuant to Federal Rule of Civil Procedure 33(d), Yellowcake shall produce any such relevant agreements in its possession in the due course of discovery and on a rolling basis.

**INTERROGATORY NO. 4.** Identify all monies collected and/or received by Yellowcake with regard to the Subject Works since January 1, 2014.

> **RESPONSE:**
> Yellowcake objects to this interrogatory on the grounds that it is vague, over broad, unduly burdensome and seeks commercially sensitive information that is irrelevant to any of the Defendants' possible defenses to this action.

**DOCUMENT DEMAND NO. 1.** All Documents evidencing, demonstrating and/or relating to all agreements between Yellowcake and any third party to this litigation upon which Yellowcake relies, in whole or in part, for its claimed exclusive rights in the Subject Works.

> **RESPONSE:**
> Yellowcake shall produce any such relevant documents in its possession in the due course of discovery and on a rolling basis.

**DOCUMENT DEMAND NO. 2.** All Documents evidencing, demonstrating and/or relating to all monies collected and/or received by Yellowcake with regard to the Subject Works since January 1, 2014, including, without limitation, all royalty statements reflecting the same.

> **RESPONSE:**
> Yellowcake objects to this demand on the grounds that it is vague, over broad, unduly burdensome and seeks commercially sensitive information that is irrelevant to any of the Defendants' possible defenses to this action.

**DOCUMENT DEMAND NO. 4.** All Documents evidencing, demonstrating and/or supporting Yellowcake's allegations in Paragraph 30 of the Complaint.

> **RESPONSE:**
> Yellowcake objects to this demand on the grounds that paragraph 30 of the Complaint has been superseded by amended pleadings.

**DOCUMENT DEMAND NO. 8.** All Documents evidencing, demonstrating or relating to chain-of-title and/or source ownership information with respect to any of the Subject Works.

> **RESPONSE:**
> Yellowcake will produce any such relevant documents in the due course of discovery and on a rolling basis.

**DOCUMENT DEMAND NO. 10.** All Documents evidencing, demonstrating and/or relating to any agreement between Colonize Media and Yellowcake regarding any of the Subject Works.

> **RESPONSE:**
> Yellowcake objects to this demand on the grounds that it is vague, over broad, unduly burdensome and seeks commercially sensitive information that is irrelevant to any of the Defendants' possible defenses to this action.

**DOCUMENT DEMAND NO. 11.** All Documents evidencing, demonstrating and/or relating to any communications between Colonize Media and Yellowcake regarding any of the Subject Works, including,

any of these documents in response to the Requests. (Declaration of Chris Vlahos ("Vlahos Decl.," ¶ 3). On May 20, 2024, the parties met and conferred via teleconference regarding the Requests and other issues, and have discussed these issues further by email, but have been unable to reach a resolution regarding Yellowcake's continued refusal to produce documents responsive to the Requests. (*Id.* at ¶ 3). **The requested ownership information reflects standard chain-of-title documents Yellowcake is required to produce in every single copyright-infringement matter in which ownership of its allegedly-infringed works are disputed.** This threshold information is critical to ONErpm's defenses in this matter, and Yellowcake should have had this information ready for production when it filed this matter on November 28, 2023. No justifiable basis exists to support Yellowcake's continued refusal to produce the requested ownership information despite its representations that it would do so in its May 2, 2024 Responses to ONErpm's Requests for Production.

*Ownership*. The Second Circuit recently clarified that copyright ownership is a question of *statutory* standing, or the "right to pursue a cause of action under the Copyright Act." *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, 2023 U.S. Dist. LEXIS 203825, *10, 2023 U.S.P.Q.2D (BNA) 1354, 2023 WL 7624597 (quoting *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 402 n.4 (2d Cir. 2018)). ONErpm has the absolute right to seek discovery from Yellowcake confirming the validity of Yellowcake's ownership claims for the Subject Works. "'A plaintiff in a copyright infringement suit bears the burden of proving ownership of the copyright' even when 'such ownership is challenged ... by a third party.'" *Id.* The requested ownership information is critical to establishing Yellowcake's standing to asset these claims, especially in consideration of the fact that ONErpm's client, the Discos Defendants, also claim exclusive ownership/control of the Subject Works.

Several of the Requests deal directly with the actual ownership documents / i.e. actual chain of title. In particular, **ROG No. 3** (identify all agreements between Yellowcake and any third party upon which Yellowcake relies for its claimed rights), **RFP No. 1** (agreements between Yellowcake and any third party upon which Yellowcake relies for its claimed rights in the Subject Work), **RFP No. 4** (documents evidencing Yellowcake's allegations in Paragraph 30 of its Second Amended Complaint), and **RFP No. 8** (documents evidencing Yellowcake's chain-of-title or ownership of the Subject Works) will show whether Yellowcake, in fact, has any documents that support its ownership claim and standing to assert claims for **528** different alleged copyright infringements. Yellowcake, as an experienced litigant, knew or should have known that it would be required to produce the very information sought by ONErpm at the inception of the litigation. Yellowcake represented that it would produce documents responsive to **RFP Nos. 1 and 8** but, to date, has failed to do so. Yellowcake's refusal to provide even the categories of documents it agreed to produce in its May 2, 2024 Responses only underscores the necessity of an order by this Court requiring Yellowcake to produce comprehensive

---

without limitation, the payment of royalties to Yellowcake attributable to the exploitation of any of the Subject Works.

**RESPONSE:**
**Yellowcake objects to this demand on the grounds that it is vague, over broad, unduly burdensome and seeks commercially sensitive information that is irrelevant to any of the Defendants' possible defenses to this action.**

responsive documents. Yellowcake's continuous failure to provide this basic and critical information raises a number of legitimate inferences.

***Royalties received by Yellowcake attributable to exploitations authorized by Yellowcake as the purported owner of the Subject Works by license or otherwise.*** **RFP No. 4** also seeks information important to ONErpm's defenses in this matter. Yellowcake takes the position that the time period in which it did or did not collect royalties for the exploitation of the Subject Works is irrelevant to whether it owns the Subject Works and refuses to respond to **RFP No. 4** in any manner. (Vlahos Decl., ¶¶ 3-4). ONErpm has offered to allow Yellowcake to produce a single summary detailing the requested period and total amount collected by Yellowcake for the Subject Works prior to November 28, 2023. Yellowcake refused. (*Id.* at ¶ 5). ONErpm also provided a draft Protective Order on June 20 and has received no comments since then despite repeated follow ups. (*Id.*, ¶ 6).

***Yellowcake and Colonize's shared common ownership and Colonize's years-long licensing relationship with the Discos Defendants regarding the Subject Works with the actual knowledge of Yellowcake.*** ONErpm is entitled to documents to determine the length and nature of Colonize's licensing relationship with the Discos Defendants regarding the Subject Works and Yellowcake's (which shares common ownership with Colonize) knowledge of the same, including through documents responsive to at least **RFP Nos. 10 and 11**. ONErpm has the right to the information requested in **RFP No. 10** regarding agreements between Colonize and Yellowcake regarding the Subject Works that Yellowcake claims Defendants infringed in this matter (with appropriate redactions and/or AEO designations) because this goes to the central issue of ownership and establishing the rights Yellowcake asserts in the Subject Works. Similarly, ONErpm is entitled to the information requested in **RFP No. 11** but will accept a summary of royalties responsive to the RFP in lieu of the requested information.[3]

### III. Conclusion

ONErpm respectfully requests the Court hold a Rule 37.2 conference to resolve the Parties' dispute regarding ONErpm's requests for Yellowcake's ownership information.

---

[3] ONErpm notes that Yellowcake has requested similar information from Defendants regarding Colonize Media despite its refusal to produce any information in response to ONErpm's RFP Nos. 10 and 11 regarding Colonize Media. Yellowcake also identified a representative of Colonize as an individual with knowledge of facts related to the claims and defenses in its Initial Disclosures.

0239451                                              5

        Respectfully submitted,

        */s/ Chris L. Vlahos*
        Jenna L. Harris (NY #5981147)
        Chris L. Vlahos (NY #5965041)
        Ritholz Levy Fields, LLP
        131 S. 11th Street
        Nashville, TN 37206
        jharris@rlfllp.com
        cvlahos@rlfllp.com

        *Attorneys for Verge Records International, Inc. d/b/a/ ONErpm*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 1, 2024, Verge Records International, Inc.'s Letter Motion was filed electronically with the Court's electronic filing system and sent to the parties of record as follows:

Seth L. Berman, Esq.
Abrams Fensterman LLP
3 Dakota Drive
Suite 300
Lake Success, New York 11042
SBerman@Abramslaw.com

*Attorney for Plaintiff*


Peter S. Sloane (PS 7204)
Lori Cooper (LC 1016)
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-0022
Fax: (914) 288-0023
Email: sloane@leasonellis.com;
cooper@leasonellis.com
lelitdocketing@leasonellis.com

Michael L. Lovitz, Esq.
LOVITZ IP LAW PC

0239451                                           6

8335 W Sunset Blvd., Suite 314
West Hollywood, CA 90069-1538
Phone: 323-337-9088
Fax: 310-861-6566
E-Mail: mlovitz@lovitziplaw.com

*Attorneys for Defendants Discos Aries LLC, Discos Linda LLC, D&O Records and Abel Orozco*

/s/ Jenna L. Harris